UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**FREDDIE R. LEWIS**                                       **CIVIL ACTION NO. 07-1276-P**

**VERSUS**                                                         **JUDGE STAGG**

**WARDEN**                                                       **MAGISTRATE JUDGE HORNSBY**

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of <u>habeas corpus</u> filed by <u>pro se</u> petitioner Freddie R. Lewis ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on July 30, 2007. Petitioner is incarcerated in the Richland Parish Detention Center in Rayville, Louisiana. He challenges his state court convictions and sentences.

Petitioner claims he was convicted of four counts of distribution of a schedule II, controlled dangerous substance on September 13, 2007, in Louisiana's Twenty-Sixth Judicial District Court, Parish of Bossier. He claims he was sentenced to twenty years imprisonment without parole as to each count. He claims the sentences are to be served concurrently.

In support of this petition, Petitioner makes numerous claims, including (1) his arrest was illegal, (2) the search of his home was illegal, (3) the arrest report was falsified, (4) he was denied the right to a hearing within 72 hours, (5) he was denied the right to appointed

counsel, (6) the trial court denied his pretrial motion for discovery and inspection, (7) he was denied an arraignment, (8) his bond was excessive, (9) he was denied discovery, due process of law and counsel, (10) the trial court denied his motion to produce and/or dismiss, (11) the Indigent Defender Board committed acts of misconduct, (12) he was denied discoverable evidence, (13) the trial court denied his motion to suppress, (14) the unofficial discovery material he received contained falsified documents, (15) the Indigent Defender Board tried to coerce him into accepting a plea, (16) the trial court did not conduct a hearing regarding his motion to suppress and motion regarding his preliminary exam, (17) the trial court continued his hearings, (18) probable cause was not established at his preliminary examination, (19) the trial court denied his motion for a speedy trial, (20) the trial court failed to act on his writ which was remanded by the Supreme Court of Louisiana, (21) the jury instructions were improper, (22) inadmissible evidence was admitted during his trial, (23) the trial court denied all of his post-trial motions and (24) his sentence is illegal.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S.

509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner has not exhausted all available state court remedies prior to filing his petition in this Court. He admits his direct appeal has not been lodged in the state court system. [Doc. 19, p. 3].

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the

time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions that were accepted by the district court and not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 28 day of May 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE